IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CURTIS ANTHONY HERVEY,

           Plaintiff,

    vs.                                          Case No. 19-4033-SAC-ADM

UNITED STATES OF AMERICA, et al.,

           Defendants.

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant United States of America, United States Attorney General – Department of Justice, Secretary of Veterans Affairs, Eastern Kansas Health Care System, and United States Attorney [Federal Defendants], by and through Stephen R. McAllister, United States Attorney for the District of Kansas, and Thomas E. Beall, Assistant United States Attorney, answer Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1. Defendant admits the allegation in paragraph 1.

2. Defendant admits the allegation in paragraph 2.

3. Defendant admits the allegation in paragraph 3.

4. Defendant admits the allegation in paragraph 4.

5. Defendant denies the allegation in paragraph 5 as the proper party defendant is the United States of America.

6. The allegations in paragraph 6 of Plaintiff's Complaint contain conclusions of law rather than statements of fact and, therefore, no response is required.

7. Defendant denies allegations contained in paragraph 7 of plaintiff's complaint in that proper Defendant United States was not an individual acting in any capacity. Defendant otherwise admits allegations contained in paragraph 7.

8. The allegations in paragraph 8 of Plaintiff's Complaint contain conclusions of law rather than statements of fact and, therefore, no response is required. To the extent a response is required, Defendant admits to subject matter jurisdiction.

9. Most of the allegations in paragraph 9 of Plaintiff's Complaint contain conclusions of law rather than statements of fact and, therefore, no response is required. Defendant admits the allegations in paragraph 9 that the Office of General Counsel informed Plaintiff that he has certain rights. Defendant denies that Plaintiff is entitled to recover any damages from Defendant based on any theories of liability.

10. The allegations in paragraph 10 of Plaintiff's Complaint contain conclusions of law rather than statements of fact and, therefore, no response is required. To the extent a response is required Defendant states that federal law governs the point at which a claim accrues under the FTCA.

11. Defendant denies the allegations in paragraph 11.

12. The allegations in paragraph 12 of Plaintiff's Complaint contain conclusions of law for which no response is required. To the extent a response is required, Defendant denies and notes the Plaintiff listed the date of accident in box 6 of the Standard Form 95 as June 30, 2016. The date of June 30, 2016 was used as the injury date of accrual as provided by the plaintiff in his administrative tort claim.

13. The allegations in paragraph 13 of Plaintiff's Complaint contain conclusions of law rather than statements of fact and, therefore, no response is required.

In response to the unnumbered statements between paragraph 13 of the "Jurisdiction and Venue" section and paragraph 1 of the "General Allegations" section, many of the statements contain conclusions of law rather than statements of fact and, therefore, no response is required. The remaining statements appear to be conclusory allegations or statements of opinion, and to the extent a response is required, Defendant denies such allegations.

## GENERAL ALLEGATIONS

Defendant denies the allegations set forth in the Abstract of the General Allegations.

1. Defendant admits the allegation set forth in paragraph 1 of the General Allegations.

2. Defendant denies the allegation set forth in paragraph 2 of the General Allegations. Defendant is the United States of America; not a corporation.

3. The allegations in paragraph 3 of the General Allegations contain a conclusion of law to which no response is required. Defendant admits the factual allegations.

4. Defendant denies the allegations set forth in paragraph 4 of the General Allegations.

5. Defendant denies the allegations set forth in paragraph 5 of the General Allegations.

6. Defendant denies the allegations set forth in paragraph 6 of the General Allegations.

## COUNT I – WHISTLEBLOWER REPRISAL

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set out in paragraph 1 of Count I, and thus denies the allegations.

2. Defendant denies the allegation set out in paragraph 2 of Count I.

3. Defendant denies the allegation set out in paragraph 3 of Count I.

In response to the unnumbered paragraph following paragraph 3 of Count I, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

## COUNT II – MISDIAGNOSIS (PARANOID AND NARCISSISTIC PERSONALITY DISORDER)

1. Defendant admits the allegation in paragraph 1 of Count II.

2. Defendant denies the allegation set forth in paragraph 2 of Count II.

3. Defendant denies the allegation set forth in paragraph 3 of Count II.

In response to the unnumbered paragraphs following paragraph 3 of Count II, Defendant denies the allegations set forth in such paragraphs and denies that Plaintiff is entitled to any damages or relief of any kind.

## COUNT III – FAILURE TO DIAGNOSE

1. Defendant admits the allegation set forth in paragraph 1 of Count III.

2. Defendant denies the allegation set forth in paragraph 2 of Count III.

3. Defendant denies the allegation set forth in paragraph 3 of Count III.

4. Defendant denies the allegations set forth in paragraph 4 of Count III.

In response to the unnumbered paragraph following paragraph 4 of Count III, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

4

### COUNT IV – DELAYED DIAGNOSIS

1. Defendant admits the allegation set forth in paragraph 1 of Count IV.

2. Defendant denies the allegation set forth in paragraph 2 of Count IV.

3. Defendant denies the allegation set forth in paragraph 3 of Count IV.

In response to the unnumbered paragraphs following paragraph 3 of Count IV, Defendant denies the allegations set forth in such paragraphs and denies that Plaintiff is entitled to any damages or relief of any kind.

### COUNT V – IMPROPER TREATMENT

1. Defendant admits the allegation set forth in paragraph 1 of Count V.

2. Defendant denies the allegation set forth in paragraph 2 of Count V.

3. Defendant denies the allegation set forth in paragraph 3 of Count V.

In response to the unnumbered paragraph following paragraph 3 of Count V, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

### COUNT VI – FAILURE TO RECOGNIZE SYMPTOMS

1. Defendant admits the allegation set forth in paragraph 1 of Count VI.

2. Defendant denies the allegation set forth in paragraph 2 of Count VI.

3. Defendant denies the allegation set forth in paragraph 3 of Count VI.

4. Defendant denies the allegation set forth in paragraph 4 of Count VI.

In response to the unnumbered paragraph following paragraph 4 of Count VI, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

### COUNT VII – FAILURE TO ORDER PROPER TESTING

1. Defendant admits the allegation set forth in paragraph 1 of Count VII.

2. Defendant denies the allegation set forth in paragraph 2 of Count VII.

    3.    Defendant denies the allegation set forth in paragraph 3 of Count VII.

    4.    Defendant denies the allegation set forth in paragraph 4 of Count VII.

In response to the unnumbered paragraph following paragraph 4 of Count VII, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

## COUNT VIII – FAILURE TO REFER A PATIENT TO A SPECIALIST

    1.    Defendant admits the allegation set forth in paragraph 1 of Count VIII.

    2.    Defendant denies the allegation set forth in paragraph 2 of Count VIII.

    3.    Defendant denies the allegation set forth in paragraph 3 of Count VIII.

    4.    Defendant denies the allegation set forth in paragraph 4 of Count VIII.

In response to the unnumbered paragraph following paragraph 4 of Count VIII, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

## COUNT IX – DISREGARDING PATIENT HISTORY (100 INCIDENTS)

    1.    Defendant admits the allegation set forth in paragraph 1 of Count IX.

    2.    Defendant denies the allegation set forth in paragraph 2 of Count IX.

    3.    Defendant denies the allegation set forth in paragraph 3 of Count IX.

    4.    Defendant denies the allegation set forth in paragraph 4 of Count IX.

In response to the unnumbered paragraph following paragraph 4 of Count IX, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

## COUNT X – NEGLIENCE (100 INCIDENTS)

    1.    Defendant admits the allegation set forth in paragraph 1 of Count X.

    2.    Defendant denies the allegation set forth in paragraph 2 of Count X.

    3.    Defendant denies the allegation set forth in paragraph 3 of Count X.

In response to the unnumbered paragraphs following paragraph 3 of Count X, Defendant denies the allegations set forth in such paragraphs and denies that Plaintiff is entitled to any damages or relief of any kind.

## COUNT XI – GROSS NEGLIGENCE (100 INCIDENTS)

1. Defendant admits the allegation set forth in paragraph 1 of Count XI.
2. Defendant denies the allegation set forth in paragraph 2 of Count XI.
3. Defendant denies the allegation set forth in paragraph 3 of Count XI.
4. Defendant denies the allegation set forth in paragraph 4 of Count XI.
5. Defendant denies the allegation set forth in paragraph 5 of Count XI.

In response to the unnumbered paragraph following paragraph 5 of Count XI, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

## COUNT XII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (100 INCIDENTS)

1. Defendant denies the allegation set forth in paragraph 1 of Count XII.
2. Defendant denies the allegation set forth in paragraph 2 of Count XII.
3. Defendant denies the allegation set forth in paragraph 3 of Count XII.
4. Defendant denies the allegation set forth in paragraph 4 of Count XII.
5. Defendant denies the allegation set forth in paragraph 5 of Count XII.
6. Defendant denies the allegation set forth in paragraph 6 of Count XII.
7. Defendant denies the allegation set forth in paragraph 7 of Count XII.

In response to the unnumbered paragraph following paragraph 7 of Count XII, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

## COUNT XIII – MAKING FALSE STATEMENTS (100 Incidents)

In response to the unnumbered paragraph preceding paragraph 1 of Count XIII, the paragraph contains conclusions of law rather than statements of fact and, therefore, no response is required.

1. Defendant denies the allegation set forth in paragraph 1 of Count XIII.

2. Defendant denies the allegation set forth in paragraph 2 of Count XIII.

3. Defendant denies the allegation set forth in paragraph 3 of Count XIII.

In response to the unnumbered paragraph following paragraph 3 of Count XIII, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

## COUNT XIV – FRAUD (100 Incidents)[1]

1. Defendant denies the allegation set forth in paragraph 1 of Count XIV.

2. Defendant denies the allegation set forth in paragraph 2 of Count XIV.

3. Defendant denies the allegation set forth in paragraph 3 of Count XIV.

4. The allegations in paragraph 4 of Count XIV contain conclusions of law rather than statements of fact and, therefore, no response is required. To the extent a response may be required, Defendant denies.

In response to the unnumbered paragraph following paragraph 4 of Count XIV, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

---

[1] The Complaint identifies this Count as "COUNT IXV – Fraud (100 incidents)." Defendant assumes this is a typographical error and refers to this Count as Count XIV.

### **COUNT XV – VIOLATION OF CIVIL RIGHTS (100 INCIDENTS)**

1. Defendant denies the allegation set forth in paragraph 1 of Count XV.

2. Defendant denies the allegation set forth in paragraph 2 of Count XV.

In response to the unnumbered paragraph following paragraph 2 of Count XV, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

### **COUNT XVI – VIOLATION OF SECTION 1983 OF TITLE 42 OF THE U.S. CODE (100 INCIDENTS)**

In response to the unnumbered paragraph preceding paragraph 1 of Count XVI, the paragraph contains conclusions of law rather than statements of fact and, therefore, no response is required.

1. Defendant denies the allegation set forth in paragraph 1 of Count XVI.

2. Defendant denies the allegation set forth in paragraph 2 of Count XVI.

In response to the unnumbered paragraph following paragraph 2 of Count XVI, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

### **COUNT XVII – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 (100 INCIDENTS)**

1. The allegations in paragraph 1 of Count XVII contain conclusions of law rather than statements of fact and, therefore, no response is required.

2. Defendant denies the allegation set forth in paragraph 2 of Count XVII.

In response to the unnumbered paragraph following paragraph 2 of Count XVII, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

## COUNT XVIII – PAPER TERRORISM (100 INCIDENTS)

In response to the unnumbered paragraph preceding paragraph 1 of Count XVIII, the paragraph appears to contain conclusions of law rather than statements of fact and, therefore, no response is required.

1. Defendant admits the allegation set forth in paragraph 1 of Count XVIII.

2. Defendant denies the allegation set forth in paragraph 2 of Count XVIII.

3. Defendant denies the allegation set forth in paragraph 3 of Count XVIII.

In response to the unnumbered paragraph following paragraph 3 of Count XVIII, Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

In response to Plaintiff's prayer for relief, Defendant further denies that Plaintiff is entitled to any of the relief he requests in his Prayer for Relief, or to any relief whatsoever.

In response to the unnumbered paragraphs following Plaintiff's prayer for relief, such statements contain conclusions of law rather than statements of face and, therefore, no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims for damages are subject to the limitations on damages and liability imposed by Kansas law.

2. Plaintiff's causes of action are subject to, and limited by, the Federal Tort Claim Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.*

3. Under the Federal Tort Claims Act, the United States may not be sued for intentional or constitutional torts.

4. Any recovery is limited by the amount of damages claimed in the Administrative Tort Claim submitted to the Department of Veterans Affairs.

5.     Sovereign immunity bars any award of punitive or exemplary damages or any award of damages that is enhanced on the basis of aggravating circumstances or conduct, or that otherwise exceeds an amount that would compensate Plaintiff for actual losses.  28 U.S.C. § 2674.

6.     To the extent that the United States is found liable for any damages to Plaintiff, the United States is entitled to an offset or credit for any past and future benefits provided, or to be provided,  paid or to be paid, to Plaintiff by the United States (including the Department of Veterans Affairs), as a result of any injury alleged in the Complaint, and is further entitled to an offset of any other benefits received by Plaintiff, not excluded from consideration by the collateral source rule.

7.     Plaintiff's claims are barred except to the extent that a private party would be liable under like circumstances, and thus are barred to the extent that the claims are based on any federal statute other than the Federal Tort Claims Act, any federal regulations, any Department of Veterans Affairs instruction, standard, regulation, directive or requirement, or any duty, that would not give rise to liability on the part of a private party.

8.     Plaintiff's claim is barred, or in the alternative, his recovery is to be reduced in accordance with the comparative fault of Plaintiff to the extent that any acts or omissions of Plaintiff contributed to his damages.

9.     Plaintiff may not be awarded damages for pre-existing conditions and injuries not caused by Defendant.

10.    Damages related to the aggravation of a pre-existing condition are only recoverable to the extent the pre-existing condition was made worse by the Defendant's negligence.

11. Plaintiff's claim is barred or, in the alternative, his recovery should be reduced, if he failed to mitigate his damages.

12. Plaintiff has failed to state a claim upon which relief can be granted.

13. Plaintiff has failed to exhaust administrative remedies as to some or all of his claims, and the Court, therefore, lacks jurisdiction over such claims.

14. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

Wherefore, Defendant requests that the court enter judgment for Defendant, award its costs incurred, and grant such other relief as the court deems just and proper.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney
District of Kansas

 s/ Thomas E. Beall
THOMAS E. BEALL
Assistant United States Attorney
Ks. S.Ct. No. 19929
Federal Building, Suite 290
444 SE Quincy Street
Topeka, Kansas 66683-3592
Telephone: (785) 295-2850
Facsimile: (785) 295-2853
E-mail: thomas.beall@usdoj.gov
Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2019, the attached document was filed electronically and mailed by first class mail, postage prepaid to the *Pro Se* Plaintiff:

Captain (USA Ret) Curtis Anthony Hervey
618 Meadow Lane
Fort Scott, KS  66701

by depositing the same in the United States mail, postage prepaid.

                                                *s/Thomas E. Beall*
                                                THOMAS E. BEALL
                                                Assistant United States Attorney